UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIJAH T. RAY,

                                         Plaintiff,

                    -against-

PRICEWATERHOUSECOOPERS LLP, ET
AL.,

                                         Defendants.

25-CV-4259 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question

jurisdiction, alleging that he was wrongfully terminated due to his race and age. (ECF 7 at 5.)

The Court construes Plaintiff's amended complaint as asserting claims under Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination

in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; 42 U.S.C. § 1981; the New York

State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights

Law, N.Y.C. Admin. Code §§ 8-101 to 131. By order dated May 22, 2025, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For

the reasons set forth below, the Court grants Plaintiff leave to file a second amended complaint

within 60 days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In the amended complaint, Plaintiff names the following defendants: (1) PricewaterhouseCoopers LLP ("Pricewaterhouse"); (2) Pricewaterhouse employees Justin Shanahan, Scott Migliori, Kristen Fyock, Sarah Durst, Zarin Labiba, Joe Corkery, Ryan Huntsman, Ellen Rottenberg, Patrick Kern, Pinchas Schwartz, Trevor Wade, Holly Trotter, Lisa

Miller, Timothy Patrick Gerspacher, Benjamin Proce, Peter Todd, Jim Mastroianni, Yanil Nunez,

and Emily R. Newton; and (3) the following individuals: Claudine Ferguson at Morgan Stanley,

Ibrahim Khalil at Buffalo Tax Pro Services LLC, Brian Hill at RSM US LLP, Kelly Mitstifer at

FTI Consulting, Michelle Holmes Johnson at PwC US Group LLP, and Michael Fenlon at

Harvard University. Plaintiff alleges that the events giving rise to this action occurred between

January 10, 2022, and May 5, 2023.[1]

Plaintiff asserts that during his employment at Pricewaterhouse, he was "treated unfairly,"

and forced to "tolerat[e] behaviors" so as "to not cast judgement on another person's character."

(ECF 7 at 12.) He further claims that he was subjected to "an unreasonable expectation of

increasing [his] work performance with a bias[ed] staff that did not give [him] any work to do."

(*Id.*) The amended complaint contains additional allegations, an example of which are:

> I asked to be placed on a team of more interest to me. I had time off for the
> grievance of a family member before starting full-time. I spoke with HR about
> being a contributing employee. I moved residences and consulted with the firm on
> this action. Property was stolen from me at a social event. My information was
> leaked on the internet without my consent. All of these things occurred while I
> worked for this company that I made a lot of sacrifices for. In return I was treated
> unfair with bias and wrongfully discharged. I showed up to work everyday. I did
> outreach everyday. After all my efforts to attain work were exhausted, I begin
> doing the course work and trainings that were on the company's web page to gain
> certifications within the company (Human Centered Design, Digital Acumen).
> Something that was meaningful and fulfilled my 8 hour work day showing that I
> was trying to increase my performance as agreed to. This was not taken into
> consideration. They did not show me the decency to make my career better (for
> example: attaining my CPA when other employees there were attaining a degree I
> had already possessed.) I did all I could and still was discharged unexpectedly. I
> was not valued and did not recieve work that would make me of value to my
> superiors. I was treated with prejudice. I was put at a disavantage. The defendants
> played a part in my termination, in which I did not recieve work, I was denied
> performance reviews, and I was disparage everyday. The employement at will
> doctrine, supports why I believe I was wrongfully discharged based on the

---

[1] Plaintiff filed the amended complaint of his own accord, in other words, not in response
to a court order. The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar,
and punctuation are as in the original unless noted otherwise.

implied contract exception recognized in New York. I worked hybrid, so these
events happened from my office in New York, NY. Other collegues worked in
Boston, MA, Minneapolis, MN, Washington D.C. Charlotte, NC, Cleveland, OH,
Los Angeles, CA, and many other states and countries.

(*Id.* at 12-13.)

According to Plaintiff, Kristen Fyock said that he could "apply again," but he was

"denied an interview with little reason as to why [he] could not be hired again." (*Id.* at 14.) He

further claims that "there was an implied contract to increase my performance right before I was

discharged after meeting with [Fyock] and Scott Migliori. This was unreasonable due to not

being given any work after reaching out to the deployment team and others." (*Id.* at 14.) Plaintiff

further claims

In addition, there was another implied contract. I participated in the "PwC US
Thrive" program that launched in 2020 and was described as "an invitation-only
two-year experience for Black and Latino/Hispanic entry level and experienced
associates. It aims to foster belonging and connectivity, expand their relationships
and highlight some valuable career navigation tips."

(*Id.*)

The Equal Employment issued a Notice of Right to Sue on March 13, 2025. (ECF 8-1 at

3.) Plaintiff seeks money damages and reinstatement. (ECF 7 at 15.) He also filed a motion for

permission for electronic case filing, but on the form did not answer the question about whether

he completed the required CM/ECF introduction course. (ECF 5.)

## DISCUSSION

### A.    Antidiscrimination statutes

Because Plaintiff alleges that he was discriminated against based on his race and age, the

Court construes the amended complaint as asserting claims under Title VII, Section 1981, and

the ADEA. These antidiscrimination provisions prohibit employers from mistreating an

individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106,

4

112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made

unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that

conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions).

Mistreatment at work that occurs for a reason other than an employee's protected characteristic

or opposition to unlawful conduct is not actionable under these federal antidiscrimination

statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown

v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

> Title VII provides that
>
> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse
> to hire or to discharge any individual, or otherwise to discriminate against any
> individual with respect to his compensation, terms, conditions, or privileges of
> employment, because of such individual's race, color, religion, sex or national
> origin.

42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an

employee who has opposed any practice made unlawful by those statutes, or who has made a

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

litigation under the statute. *Id.* § 2000e-3(a).

To state a claim under Title VII, "a plaintiff must plausibly allege that (1) the employer

took adverse employment action against him, and (2) his race, color, religion, sex, or national

origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch.

Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly

show discrimination or facts that indirectly show discrimination by giving rise to a plausible

inference of discrimination." *Id*. at 87.

Title VII only provides for the liability of an employer and other covered entities, such as

an employment agency, labor organization, or joint labor-management committee. *See* 42 U.S.C.

§ 2000e–2. The only proper defendant for an action under Title VII is a plaintiff's employer or

other entities covered by the statute.[2] *See Chibuzor v. Corwin*, No. 20-CV-9643 (JMF), 2020 WL 6905304, at *2 (S.D.N.Y. Nov. 23, 2020); *Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016). Individuals are not subject to liability under Title VII. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("[I]ndividual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998).

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). The statute "sets forth a remedy for employment discrimination that is independent of Title VII.[3]" *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). A plaintiff bringing a Section 1981 claim for employment discrimination must plausibly allege sufficient facts to demonstrate that: (1) he is a member of a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) the adverse action took place under circumstances giving rise to the inference of discrimination. *Ruiz v. Cnty of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). "[A]

---

[2] Under the "'joint employer doctrine,' an employee may assert Title VII liability against a 'constructive employer'−an entity that shares in controlling the terms and conditions of a plaintiff's employment." *Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022) (citing *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005)). The doctrine generally applies "where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity." *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 378 (2d Cir. 2006). Plaintiff names as Defendants individuals who do not appear to be Pricewaterhouse employees, and it is unclear whether the circumstances giving rise to this matter implicate the joint employer doctrine.

[3] An individual may be held liable under Section 1981 if he or she is "'personally involved in the alleged deprivation.'" *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (internal quotation marks and citation omitted).

plaintiff must . . . plead . . . that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). It also makes it unlawful to retaliate against employees who oppose discriminatory practices barred by the ADEA. *Id.* § 623(d). The statute protects workers who are at least forty years old from discrimination because of their age. *Id.* § 631(a).

The facts alleged in the amended complaint do not give rise to an inference that any Defendant discriminated against Plaintiff because of a protected characteristic. Plaintiff alleges that he was mistreated at work because of his race and age, but he does not identify his race or age, nor does he set forth facts suggesting that he was discriminated against or otherwise mistreated because of his race or age. Because Plaintiff's assertions of discrimination are not supported by specific facts, they do not support an inference that race and age were the "but for" cause for the alleged actions taken against Plaintiff and the termination of his employment.

Moreover, Plaintiff names individual defendants without explaining what each person did or failed to do that violated Plaintiff's rights. Plaintiff appears to allege that Fyock and Migliori fired him, but he does not allege that in doing so, they acted in a discriminatory manner. Additionally, the amended complaint does not contain a single allegation against of the other individual Defendants. Because Plaintiff fails to show that any individual defendant was personally involved in violating his rights, the amended complaint does comply with federal pleading rules as to those individuals. *Cf. Iwachiw v. New York State Dep't of Motor Vehicles*,

299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted") (citations omitted)), *aff'd*, 396 F.3d 525 (2d Cir. 2005).

**B.    Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court at this stage declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). If Plaintiff files a second amended complaint that states a federal claim, the Court could consider, under its supplemental jurisdiction, state law claims against the individual defendants. Plaintiff must, however, assert facts in support of such claims.

**C.    Permission for electronic case filing**

Plaintiff submitted a motion for permission for electronic case filing, but he did not answer the question about whether he "completed the Court's CM/ECF introduction course.'" (ECF 5.) Because Plaintiff's motion does not establish that he has completed the Court's required

8

CM/ECF introduction course, his request for permission for electronic case filing is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to file a second amended complaint to detail his claims.

First, Plaintiff must name as the defendants in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. Second, in the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the second amended complaint.

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 25-CV-4259 (LLS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies without prejudice the motion for permission for electronic case filing.

(ECF 5.) Plaintiff may receive court documents by email by completing a Consent to Electronic

Service form.[5]

SO ORDERED.

Dated:    November 17, 2025
          New York, New York

                                        _Louis L. Stanton_
                                          Louis L. Stanton
                                            U.S.D.J.

---

[5] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

      -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant. Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☐ Yes ☐ No
           *(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____      Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
          **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____      Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
          **NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____      Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
          **NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____      New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____      New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*               1

## I.     Parties in this complaint:

A.     List your name, address and telephone number.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff     Name     _____

                      Street Address     _____

                      County, City     _____

                      State & Zip Code     _____

                      Telephone Number     _____

B.     List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant     Name     _____

                      Street Address     _____

                      County, City     _____

                      State & Zip Code     _____

                      Telephone Number     _____

C.     The address at which I sought employment or was employed by the defendant(s) is:

                      Employer     _____

                      Street Address     _____

                      County, City     _____

                      State & Zip Code     _____

                      Telephone Number     _____

## II.     Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

        _____     Failure to hire me.

        _____     Termination of my employment.

        _____     Failure to promote me.

        _____     Failure to accommodate my disability.

        _____     Unequal terms and conditions of my employment.

        _____     Retaliation.

*Rev. 07/2007*                                            2

_____    Other acts *(specify)*: _____.

> **Note:** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.

*Date(s)*

C.    I believe that defendant(s) *(check one)*:

_____    is still committing these acts against me.

_____    is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐    race    _____            ☐    color    _____

☐    gender/sex    _____            ☐    religion_____

☐    national origin    _____

☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____
_____

> **Note:** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    **Exhaustion of Federal Administrative Remedies**:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

_____     has not issued a Notice of Right to Sue letter.

_____     issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

**Note:** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.     Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____     60 days or more have elapsed.

_____     less than 60 days have elapsed.

## IV.     Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff     _____

Address     _____

_____

_____

_____

Telephone Number     _____

Fax Number *(if you have one)*     _____