UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIJAH T. RAY,

                    Plaintiff,

              -against-

PRICEWATERHOUSECOOPERS LLP, ET AL,

                    Defendants.

25-CV-4259 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed an amended complaint[1] in this action alleging that Defendants discriminated against him on the basis of his race and age. ("Am. Compl.", ECF 7.) By order dated November 18, 2025, Judge Louis L. Stanton granted Plaintiff leave to file a second amended complaint to address deficiencies in the amended complaint. ("Order", ECF 9.) Plaintiff filed a second amended complaint on December 24, 2025. ("Second Am. Compl.", ECF 10.) Thereafter, the matter was reassigned to this Court.[2] This Court has reviewed the second amended complaint and dismisses it for the reasons set forth below.

## BACKGROUND AND DISCUSSION

In the amended complaint, Plaintiff alleged that his employer, PricewaterhouseCoopers LLP ("Pricewaterhouse"), discriminated against him on the basis of his race and age, and wrongfully terminated him. (Am. Compl. at 5.) He did not assert any specific statutes or causes of action. (*See id.*) He named as Defendants Pricewaterhouse and multiple Pricewaterhouse employees; Claudine Ferguson at Morgan Stanley; Ibrahim Khalil at Buffalo Tax Pro Services LLC; Brian Hill at RSM US LLP; Kelly Mitstifer at FTI Consulting; Michelle Holmes Johnson at

---

[1] Plaintiff filed the amended complaint of his own accord, not in response to a court order.

[2] This matter was reassigned pursuant to the Rules for the Division of Business Among District Judges of the Southern District of New York.

PwC US Group LLP; and Michael Fenlon at Harvard University. (Am. Compl. at 4–5.) Plaintiff stated that he was "invit[ed]" to work at Pricewaterhouse through a program called "PwC US Thrive," a two-year program "for Black and Latino/Hispanic Entry level and experienced associates." (*Id.* at 14.) He alleged that he was forced to "tolerat[e] behaviors" so as "to not cast judgement on another person's character"; that he was treated "unfairly"; that the staff was "bias[ed]" and did not give him "any work to do"; that "property was stolen from [him] at a social event," and that his "information was leaked on the internet without [his] consent." (*Id.* at 12-13.)

Additionally, Plaintiff claimed that "there was an implied contract to increase [his] performance right before [he] was discharged after meeting with Pricewaterhouse employees Kristen Fyock and Scott Migliori. This was unreasonable due to not being given any work after reaching out to the deployment team and others." (*Id.* at 14.) According to Plaintiff, after Fyock fired him, she said that he could "apply again," but he was "denied an interview with little reason as to why [he] could not be hired again." (*Id.*) The amended complaint contained no specific allegations against any of the other named Defendants and did not explain whether any of those Defendants employed Plaintiff or what relationship, if any, those Defendants had with Pricewaterhouse. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on March 13, 2025. (ECF 8-1 at 3.)

In the November 18, 2025 order granting leave to amend, Judge Stanton construed Plaintiff's allegations that he was discriminated against based on his race and age as arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; 42 U.S.C. § 1981; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City

Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131.  (Order at 1.)  The Order explained

that:

> [t]he facts alleged . . . do not give rise to an inference that any Defendant discriminated against Plaintiff because of a protected characteristic. Plaintiff alleges that he was mistreated at work because of his race and age, but he does not identify his race or age,[3] nor does he set forth facts suggesting that he was discriminated against or otherwise mistreated because of his race or age. Because Plaintiff's assertions of discrimination are not supported by specific facts, they do not support an inference that race and age were the "but for" cause for the alleged actions taken against Plaintiff and the termination of his employment.
>
> Plaintiff names individual defendants without explaining what each person did or failed to do that violated Plaintiff's rights. Plaintiff appears to allege that Fyock and Migliori fired him, but he does not allege that in doing so, they acted in a discriminatory manner. The amended complaint does not contain a single allegation against the other individual Defendants...[4] *Cf. Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted"), *aff'd*, 396 F.3d 525 (2d Cir. 2005).

(Order at 7-8.)

The order: (1) granted Plaintiff leave to file a second amended complaint; (2) explained

that the second amended complaint would completely replace, not supplement, the amended

complaint; (3) and directed Plaintiff to provide facts that supported his assertion that Defendants

discriminated against him based on his race and age. (*Id.* at 9–10)

Plaintiff filed the second amended complaint on December 24, 2025.  (Second Am.

Compl., 10.)  The facts alleged in the second amended complaint are substantially similar to those

set forth in the amended complaint.  (*See id.*)  Plaintiff does not provide his age.  Although he

---

[3] The order noted that the ADEA only protects workers who are at least forty years old. 29 U.S.C. § 623(a). (Order at 7.)

[4] The court noted that an employee may assert discrimination claims against a "constructive employer" under the "joint employer doctrine," *Felder v. U.S. Tennis Ass'n*, 27 F.4th 834, 838 (2d Cir. 2022), but that Plaintiff's amended complaint did not provide sufficient facts for the court to determine whether that doctrine might apply. (Order at 6 n.2.)

alleges that he was in a program for "Black and Latino" entry level employees (*id.* at 14), he does not identify his race. Plaintiff makes the same claims about being mistreated at work, but his assertions do not suggest that he was mistreated, or subjected to adverse employment actions, *because of* his race or his age. The list of individual Defendants is the same, and Plaintiff again does not explain who they are or what they allegedly did or failed to do that was discriminatory or otherwise violated his rights.

In short, the second amended complaint does not remedy the deficiencies identified in the amended complaint. This Court therefore dismisses the federal claims in Plaintiff's second amended complaint for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Here, having dismissed the federal claims of which the Court has original jurisdiction, this Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## FURTHER LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects. Leave to amend may be denied, however, if the plaintiff has already been given an

4

opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's second amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's second amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

This Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment dismissing the above-captioned matter.

SO ORDERED.

Dated:   **MAY 1 2 2026**
New York, New York

GEORGE B. DANIELS
United States District Judge

5